UNITED STATES of America,
Plaintiff–Appellee,

v.

Eric Lawrence WRIGHT,
Defendant–Appellant.

No. 90–30279.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 1991.*

Decided April 27, 1992.

Steven Jacobson, Assistant Federal Public Defender, Portland, Or., for defendant-appellant.

Nina Goodman, Appellate Section, Criminal Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

R.App.P. 34(a); 9th Cir.R. 34–4.

Before: TANG, O'SCANNLAIN and RYMER, Circuit Judges.

RYMER, Circuit Judge:

This appeal requires us to decide whether *McNeil v. Wisconsin,* 501 U.S. ——, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), which held that a defendant's invocation of the Sixth Amendment right to counsel at a bail hearing did not also invoke the Fifth Amendment right to the presence of counsel during subsequent custodial interrogation about an unrelated offense, extends to custodial interrogation about an unrelated offense after a request by counsel at a plea hearing to be present at interviews with the defendant.

On November 10, 1989, Eric Wright was arrested while fleeing the scene of a robbery of a pharmacy in Washington County, Oregon. He was advised of his *Miranda* rights, but did not request an attorney and no interrogation took place because the officers thought he was under the influence of drugs. At his arraignment in state court on armed robbery charges, Wright requested court-appointed counsel. An attorney from the public defender's office was appointed. On January 24, 1990, Wright entered guilty pleas.

At the plea hearing, Wright's attorney said that she wanted to be present during any interviews of her client. She was present when Wright was interviewed by the probation officer. Wright refused to answer any questions other than his name and birthday.

On February 8, 1990, FBI agents investigating a November 8, 1989 bank robbery in Portland, Oregon, came to talk to Wright at the Washington County Jail. They Mirandized him, and he agreed to talk.

Wright was then indicted on charges of armed bank robbery. He moved to suppress the confession, claiming that the February 8 interrogation violated his Sixth Amendment right to counsel and his Fifth Amendment right to the presence of counsel during custodial interrogation, which he had invoked by requesting an attorney at his arraignment on the state charges. The district court denied the motion.

After Wright entered a conditional guilty plea and appealed, the United States Supreme Court handed down its decision in *McNeil.* We requested supplemental briefing on its effect in this case. Both parties agree that *McNeil* disposes of Wright's argument that his request for counsel at arraignment invoked his Fifth Amendment right to the presence of counsel during custodial interrogation.

The only question we need to address, therefore, is whether counsel's statement at the taking of the plea insulated Wright from subsequent interrogation about other criminal activity. We hold that counsel's request during the plea proceeding to be present at interviews did not trigger the *Miranda–Edwards* rule [1] for subsequent custodial interrogation about an unrelated matter.

In *McNeil,* the defendant was charged with an armed robbery in West Allis, Wisconsin. He was represented by a public defender at a bail hearing on that charge. Police officers later questioned him, while he was in custody on the robbery charge, about a murder and burglary that had occurred in Caledonia, Wisconsin. McNeil waived his *Miranda* rights and confessed. He moved to suppress on the ground that his appearance in court with counsel for the West Allis crime constituted an invocation of the *Miranda* right to counsel, and that any subsequent waiver of that right during police-initiated questioning regarding the Caledonia offense was invalid. 111 S.Ct. at 2207. The Court held that McNeil's invoking his Sixth Amendment right to counsel did not invoke his *Miranda* right to counsel. *Id.* at 2209.

In so holding, the Court emphasized that the *Edwards* rule "requires, at a minimum, some statement that can reasonably be construed to be expression of a desire for the assistance of an attorney *in dealing with*

<hr/>

1. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

*custodial interrogation by the police."* *Id.* It further observed that if, having invoked his Sixth Amendment right to counsel,

> a suspect does not wish to communicate with the police except through an attorney, he can simply tell them that when they give him the *Miranda* warnings. There is not the remotest chance that he will feel "badgered" by their asking to talk to him without counsel present, since the subject will not be the charge on which he has already requested counsel's assistance (for in that event [*Michigan v.] Jackson*[, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986),] would preclude initiation of the interview) and he will not have rejected uncounseled interrogation on *any* subject before (for in that event *Edwards* would preclude initiation of the interview).

111 S.Ct. at 2210. Finally, the Court stated that to hold otherwise would

> seriously impede effective law enforcement.... [I]f we were to adopt petitioner's rule, most persons in pretrial custody for serious offenses would be *unapproachable* by police officers suspecting them of involvement in other crimes, *even though they have never expressed any unwillingness to be questioned.* Since the ready ability to obtain uncoerced confessions is not an evil but an unmitigated good, society would be the loser. Admissions of guilt resulting from valid *Miranda* waivers "are more than merely 'desirable'; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law."

*Id.* (quoting *Moran v. Burbine*, 475 U.S. 412, 426, 106 S.Ct. 1135, 1143, 89 L.Ed.2d 410 (1986)).

*McNeil*'s rationale inevitably applies to Wright's counsel's request at the guilty plea to be present at interviews with her client. *McNeil* strongly suggests that *Miranda* rights may not be invoked in advance outside the custodial context. 111 S.Ct. at 2211 n. 3.[2] Wright's request through his attorney would do just that if it were more broadly effective than to assure counsel's presence at interviews having to do with the robbery. The Court has never held that *Miranda* rights may be invoked anticipatorily outside the context of custodial interrogation; we see no reason, apart from those already rejected in *McNeil*, to do so here.

Even though Wright's request through counsel, unlike *McNeil*, manifested a clear wish to have counsel present, not even Wright suggests that it had to do with anything other than the presentence interview in the robbery case.[3] Instead he argues that this fact alone distinguishes *McNeil*, and that if a defendant may only assert his right to counsel during questioning when he is alone in custody, absurd results will follow.

Wright proffers three scenarios: First, he argues that if the defendant were suspected of other crimes and he had discussed them with counsel and said he wanted his lawyer present during any questioning on the subject, police officers could nonetheless approach him without counsel being present. Second, he suggests that someone who has pled guilty and is awaiting sentencing could request that his lawyer be present because they both knew he was a suspect in other criminal activity, but there would be no means for that defendant and his attorney to require police officers to contact the lawyer before attempting to convince the defendant to waive his *Miranda* rights. Third, Wright argues that the attorney-client privilege would be interfered with, and the police would be encouraged to seek custodial waivers from

---

**2.** Wright does not contend that the plea hearing amounted to custodial interrogation for *Miranda* purposes. The Supreme Court in *McNeil* noted that preliminary hearings "will not always, or even usually, involve" custodial interrogation. 111 S.Ct. at 2211 n. 3. This court has recently observed that the courtroom "is not the type of setting that would justify invoking *Mi-*

*randa*'s prophylactic rule." *United States v. Kilgroe*, 959 F.2d 802, 804 (9th Cir.1992).

**3.** Counsel was, of course, present when Wright talked to the probation officer. There is no indication that anything the FBI learned in its interview was used in connection with Wright's sentencing on the robbery charges.

represented persons who have expressed their desire to deal with the police only with the assistance of counsel.

There is, however, no evidence in the record that requires us to deal with any of these possibilities. Neither Wright nor his attorney indicated in court or out that Wright wanted counsel present before discussing the bank robbery. Likewise there is no indication that anything the FBI learned affected Wright's sentence on the pharmacy robbery in any way. As *McNeil* recognizes, clearly that would run afoul of *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). *McNeil*, 111 S.Ct. at 2209–10. To the extent that Wright worries about inroads on the attorney-client privilege, *McNeil* answers that concern, too, when it notes that not talking about charges unrelated to those on which he is represented is up to the defendant, who can simply say "no." *Id.*

To decline construing the type of request made by Wright's counsel at his plea hearing as invoking *Miranda–Edwards* protection leaves the defendant in the same position as he would otherwise be with respect to the unrelated offense. While in custody, if he has asked for an attorney with respect to either the offense for which he has been first arrested or prosecuted, or the second and unrelated offense, no police-initiated interrogation may take place with respect to the second offense. *Edwards*, 451 U.S. at 484–85, 101 S.Ct. at 1884–85; *Minnick v. Mississippi*, 498 U.S. ——, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). If he has not, then once judicial proceedings are initiated, the defendant's Sixth Amendment rights control. *See Michigan v. Jackson*, 475 U.S. at 629–30, 106 S.Ct. at 1407–08.

To extend *Miranda–Edwards* protection as Wright urges would, on the other hand, make it virtually impossible for any defendant charged with one crime ever to be questioned about unrelated criminal activity if, the first time in court on the first offense charged, he asked for counsel to be present at future interviews. This would not serve the prophylactic purposes of *Mi-*

*randa*, because law enforcement officers would be unlikely to know about statements made in court in unrelated proceedings by contrast with statements made to fellow law enforcement officers in whose custody the defendant is committed and from whom permission to speak to the defendant must be obtained. By the same token, it would be a disservice to the legitimate needs of law enforcement recognized by the Court in *McNeil* to prohibit police from talking to suspects willing to waive their rights to counsel with respect to other crimes. *McNeil*, 111 S.Ct. at 2210.

We therefore conclude that the request by Wright's counsel at a plea hearing to be present at interviews with her client did not trigger the *Miranda–Edwards* rule for subsequent custodial interrogations regarding unrelated criminal activity.

AFFIRMED.