(No. 88323.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. SAMUEL VILLALOBOS, Appellant.

Opinion filed September 21, 2000.

HEIPLE, J., joined by HARRISON, C.J., and RATHJE, J., dissenting.

Dennis Zitzer, of Chicago, for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb, Kenneth T. McCurry and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

At issue in this appeal is whether defendant, Samuel Villalobos, invoked his fifth amendment right to counsel pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), by filing a form at a bond hearing that stated defendant would not participate in "any questioning, identification process or other procedures on any case or matter" without his counsel present. The appellate court concluded that he did not. No. 1—96—1139 (unpublished order under Supreme Court Rule 23). We allowed defendant's petition for leave to appeal (177 Ill. 2d R. 315) and now affirm the judgment of the appellate court.

## BACKGROUND

On November 13, 1994, Ronnie Johnson was shot and killed. The evidence at defendant's trial for Johnson's murder established that at 3:30 a.m. on November 13, defendant and four friends drove south on the Dan Ryan Expressway, with defendant in the front passenger seat of the car. The car encountered a white Cadillac, driven by Johnson. Although the testimony is conflicting, it appears that Johnson increased his speed, and defendant told the driver of his car to accelerate and follow Johnson. Defendant then leaned out of the car and fired nine shots at Johnson's car. One bullet entered the left side of Johnson's head and killed him. Roughly 45 minutes after this shooting, defendant and his friends were arrested for possession of cannabis and drinking on a public way—an offense unrelated to Johnson's killing.

On November 14, 1994, defendant appeared at a bond hearing on the possession of cannabis charge. At the bond hearing, defendant signed a form entitled "Appearance, Notice of Representation and Demand for Preliminary Hearing/Trial" (hereinafter, appearance form). In addition to documenting both the assistant public defender's

and defendant's demand for a preliminary hearing and trial, the appearance form contained a section stating: "BE ADVISED, the under-signed defendant serves this NOTICE OF REPRESENTATION on the State, its agents and on all law enforcement officers barring the defendant's participation, without the presence of his/her counsel, in any questioning, identification process or other procedures on any case or matter whatsoever." Defendant did not post bond and proceeded to Cook County jail.

On November 16, 1994, pursuant to a writ, two Chicago police officers removed defendant from jail and brought him to police headquarters in order to question him relative to Johnson's death. After being advised of his *Miranda* rights and waiving them in writing, defendant provided a written statement in the presence of an assistant State's Attorney and a police officer, in which he confessed to the shooting. Defendant was subsequently arrested and charged with Johnson's murder.

Defendant moved to suppress his statement prior to the murder trial. In his motion to suppress, defendant argued that by signing and filing[1] the appearance form, which attempted to bar his participation in any questioning on any case or matter, he provided notice to the prosecution that he did not wish to speak to any law enforcement personnel without the assistance of counsel. The assistant public defender who represented defendant at his bond hearing on the cannabis charge testified at defendant's motion to suppress that the appearance form was a "standard form" that she prepared for every defendant whom she represented.

---

[1]The appearance form, although signed by defendant and dated, was not file stamped by the clerk of the court. The assistant public defender testified at defendant's motion to suppress hearing that she "filed" the appearance form by placing it "on the bench" in front of the presiding judge during defendant's bond hearing.

The circuit court denied defendant's motion to suppress, finding that the additional language on the appearance form regarding defendant's unwillingness to speak with law enforcement personnel in "any case" was "surplusage" and bound law enforcement personnel only on the cannabis offense. The inculpatory statement was subsequently introduced at defendant's bench trial for the murder of Ronnie Johnson. The circuit court found defendant guilty.

Defendant appealed his conviction on the ground that the denial of his motion to suppress constituted error. He argued that, by signing and filing the appearance form during his bond hearing on the cannabis charge, he invoked his fifth amendment right to counsel pursuant to *Miranda*. Police officers violated that right when they subsequently questioned him on an unrelated offense without his counsel being present. The appellate court affirmed defendant's conviction. Quoting *McNeil v. Wisconsin*, 501 U.S. 171, 178, 115 L. Ed. 2d 158, 169, 111 S. Ct. 2204, 2209 (1991), the appellate court stated that "in order to invoke the *Miranda* interest, there must be 'at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney *in dealing with custodial interrogation by the police*. Requesting the assistance of an attorney at a bail hearing does not bear that construction.' " (Emphasis in original.) No. 1—96—1139 (unpublished order under Supreme Court Rule 23).

Defendant appeals the appellate court's determination that the motion to suppress was properly denied because defendant failed to invoke his fifth amendment right to counsel pursuant to *Miranda*.

## ANALYSIS

In *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), the United States Supreme Court required that certain procedural safeguards be

provided to a suspect before custodial interrogation. *Miranda*, 384 U.S. at 444, 16 L. Ed. 2d at 706-07, 86 S. Ct. at 1612 ("[b]y custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody"). Although not enumerated in the Constitution, the Supreme Court found these safeguards necessary in order to protect the privilege against compulsory self-incrimination under the fifth amendment. *Davis v. United States*, 512 U.S. 452, 457, 129 L. Ed. 2d 362, 370, 114 S. Ct. 2350, 2354 (1994), quoting *Michigan v. Tucker*, 417 U.S. 433, 444, 41 L. Ed. 2d 182, 193, 94 S. Ct. 2357, 2364 (1974). Specifically, the Court required that a person in custody be advised of certain rights, including the right to remain silent and the right to an attorney, prior to any interrogation by law enforcement. *Miranda*, 384 U.S. at 444, 16 L. Ed. 2d at 706-07, 86 S. Ct. at 1612. *Edwards v. Arizona* further expanded *Miranda* and held that once a person invokes his right to counsel during custodial interrogation, he "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484-85, 68 L. Ed. 2d 378, 386, 101 S. Ct. 1880, 1885 (1981).

The single issue presented in this appeal is whether defendant invoked his *Miranda* right to counsel when, at a bond hearing, the defendant signed a notice of appearance form which included a statement that the defendant would not participate in any future questioning on any matter without his attorney present. There is no dispute that defendant was in custody while at his bond hearing. There is also no dispute that defendant was not subject to interrogation at that time. Nevertheless, defendant argues that he effectively invoked his *Miranda* right to counsel by filing the appearance form at his bond

hearing. Therefore, defendant argues his *Miranda* right to counsel may be invoked prior to custodial interrogation.

The United States Supreme Court has not directly answered the issue before this court. However, the Court has strongly suggested that a defendant cannot anticipatorily invoke his *Miranda* right to counsel at a preliminary hearing. In *McNeil*, the defendant argued that an invocation of his sixth amendment right to counsel acted as an additional invocation of his *Miranda* right to counsel. *McNeil*, 501 U.S. at 174, 115 L. Ed. 2d at 166, 11 S. Ct. at 2207. In holding that a sixth amendment invocation does not operate as a *Miranda* invocation of the right to counsel, the Supreme Court stated in a footnote:

> "We have in fact never held that a person can invoke his *Miranda* rights anticipatorily, in a context other than 'custodial interrogation'—which a preliminary hearing will not always, or even usually, involve [citations]. If the *Miranda* right to counsel can be invoked at a preliminary hearing, it could be argued, there is no logical reason why it could not be invoked by a letter prior to arrest, or indeed even prior to identification as a suspect. Most rights must be asserted when the government seeks to take the action they protect against. The fact that we have allowed the *Miranda* right to counsel, once asserted, to be effective with respect to future custodial interrogation does not necessarily mean that we will allow it to be asserted initially outside the context of custodial interrogation, with similar future effect." *McNeil*, 501 U.S. at 182 n.3, 115 L. Ed. 2d at 171 n.3, 111 S. Ct. at 2211 n.3.

See also *Edwards*, 451 U.S. at 485-86, 68 L. Ed. 2d at 387, 101 S. Ct. at 1885 ("[t]he Fifth Amendment right identified in *Miranda* is the right to have counsel present at any custodial interrogation. Absent such interrogation, there would have been no infringement of the right that Edwards invoked and there would be no occasion to determine whether there had been a valid waiver"); *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 64 L. Ed. 2d

297, 308, 100 S. Ct. 1682, 1689 (1980) (holding that one's *Miranda* interests are in place when he is subjected to "express questioning or its functional equivalent").

Subsequent to *McNeil*, this court indicated that a suspect's *Miranda* right to counsel does not exist at his arraignment. In *People v. Kidd*, we held that invocation of the sixth amendment right to counsel does not invoke a defendant's *Miranda* right to counsel. *People v. Kidd*, 147 Ill. 2d 510, 532 (1992). In so holding, we specifically stated that "although defendant's sixth amendment right to counsel attached when private attorney Earl Washington represented defendant at his arraignment *** on the unrelated murder and arson charges, defendant's fifth amendment right to counsel pursuant to *Miranda* clearly did not arise at that point." *People v. Kidd*, 147 Ill. 2d at 532.

In addition to our own precedent, a majority of state courts have relied on the language in *McNeil* to hold that one cannot anticipatorily invoke the right to counsel prior to custodial interrogation. *Sauerheber v. State*, 698 N.E.2d 796, 802 (Ind. 1998) ("*[McNeil]* strongly suggests that the rights under *Miranda* and *Edwards* do not extend to permit anticipatory requests for counsel to preclude waiver at the time interrogation begins"); *Sapp v. State*, 690 So. 2d 581, 584-85 (Fla. 1997); *People v. Avila*, 75 Cal. App. 4th 416, 423, 89 Cal. Rptr. 2d 320, 324 (1999); *State v. Warness*, 77 Wash. App. 636, 641, 893 P.2d 665, 668 (1995) ("The need for *Miranda* protection does not exist except in a custodial interrogation situation. The right cannot be invoked before it exists"); see also *State v. Stewart*, 113 Wash. 2d 462, 477-78, 780 P.2d 844, 853 (1989), quoting *State v. Sparklin*, 296 Or. 85, 89, 672 P.2d 1182, 1185 (1983) (prior to the Supreme Court decision in *McNeil*, the Washington Supreme Court held that a defendant's invocation of his sixth amendment right to counsel does not act to invoke his *Miranda*

right to counsel, because " '[a]t arraignment defendant is not confronted with an atmosphere of coercion, nor does anyone seek to gain admissions from him' ").

The facts in both *Sapp* and *Avila* are strikingly similar to the facts in the case at bar. In *Sapp*, the Supreme Court of Florida held that a defendant does not invoke his *Miranda* right to counsel by signing a "claim of rights" form. *Sapp*, 690 So. 2d at 585. While in jail pursuant to a robbery arrest, the defendant signed and later filed a "claim of rights" form, which stated that the defendant asserted his right to refrain from making any statements regarding offenses with which he was or was not charged without his attorney present. Subsequently, police questioned the defendant about an unrelated offense, after the defendant was informed of and waived his *Miranda* rights. The defendant later argued that the "claim of rights" form effectively invoked his *Miranda* right to counsel, and his statement should have been suppressed. *Sapp*, 690 So. 2d at 583. The Supreme Court of Florida held that the "claim of rights" form did not act as an effective invocation of the defendant's *Miranda* right to counsel because the defendant was not subject to custodial interrogation when he attempted to invoke his *Miranda* right. *Sapp*, 690 So. 2d at 585. Rather, the court found that *"Miranda*'s safeguards were intended to protect the Fifth Amendment right against self-incrimination by countering the compulsion that inheres in custodial interrogation." (Emphasis omitted.) *Sapp*, 690 So. 2d at 585.

Additionally, the California appellate court held that a defendant does not invoke his *Miranda* right to counsel when his assistant public defender files a form attempting to assert the defendant's fifth, sixth and fourteenth amendment rights. *Avila*, 75 Cal. App. 4th at 422-23, 89 Cal. Rptr. 2d at 325. The defendant in *Avila* was arrested for a shooting and, at his arraignment, defense counsel

filed a form stating that the defendant invoked his fifth, sixth and fourteenth amendment rights. Law enforcement officers later interviewed the defendant regarding an unrelated offense, after the defendant was advised of and waived his *Miranda* rights. During this interview, the defendant admitted to the crime. *Avila*, 75 Cal. App. 4th at 418, 89 Cal. Rptr. 2d at 322. The California appellate court rejected defendant's argument that his confession should be suppressed because it was taken in violation of his *Miranda* right to counsel. *Avila*, 75 Cal. App. 4th at 421, 89 Cal. Rptr. 2d at 323. In doing so, the court found that the defendant, though in custody, was neither facing nor fearing interrogation at his arraignment. *Avila*, 75 Cal. App. 4th at 422, 89 Cal. Rptr. 2d at 325. The court noted that "[a]llowing an anticipatory invocation of the *Miranda* right to counsel would extend an accused's privilege against self-incrimination far beyond the intent of *Miranda* and its progeny." *Avila*, 75 Cal. App. 4th at 423, 89 Cal. Rptr. 2d at 325.

Relying on *McNeil*, an overwhelming number of federal courts have also held that a defendant cannot invoke his *Miranda* rights outside the context of custodial interrogation. *United States v. Grimes*, 142 F.3d 1342, 1348 (11th Cir. 1998); *United States v. LaGrone*, 43 F.3d 332, 338 (7th Cir. 1994) ("there are certain 'windows of opportunity' in which a defendant must assert his *Miranda* right to counsel. A defendant must clearly invoke his right to counsel from each constitutional source, at a time when the right is available"); *United States v. Thompson*, 35 F.3d 100, 104 (2d Cir. 1994) ("'[the defendant's] filing of the [notice of appearance] did not occur in the context of custodial interrogation"); *Alston v. Redman*, 34 F.3d 1237, 1244 (3d Cir. 1994) ("[b]ecause the presence of both a custodial setting and official interrogation is required to trigger the *Miranda* right-to-counsel prophylactic, absent one or the other, *Miranda* is

not implicated" (emphasis omitted)); *United States v. Wright*, 962 F.2d 953, 956 (9th Cir. 1992) ("[t]o extend *Miranda-Edwards* protection as [the defendant] urges would, on the other hand, make it virtually impossible for any defendant charged with one crime ever to be questioned about unrelated criminal activity, if, the first time in court on the first offense charged, he asked for counsel to be present at future interviews. This would not serve the prophylactic purposes of *Miranda*"); *United States v. Cooper*, 85 F. Supp. 2d 1, 23 (D.D.C. 2000) ("[t]he footnote [in *McNeil*] strongly suggests, although not definitively, that a request for counsel under *Miranda* must be made within the custodial context and not at arraignment or other such proceedings"); *United States v. Barnett*, 814 F. Supp. 1449, 1454 (D. Alaska 1992) (finding that a request for counsel at a grand jury proceeding does not constitute an invocation of the right to counsel under *Miranda-Edwards* because the court "assume[s] that the dicta in *McNeil* accurately predicts that the United States Supreme Court will hold that an accused cannot invoke his Fifth Amendment right to counsel until he is taken into custody, and prior to interrogation, warned of those rights").

For example, in *Grimes*, the defendant was arrested and charged with writing worthless checks. The defendant signed a "claim of rights" form which attempted to invoke both his fifth and sixth amendment right to counsel. The form was placed in the court file and copies were served on both the State's Attorney and police department. The defendant later made incriminating statements regarding a separate offense to an undercover agent and to a friend who was assisting law enforcement investigators. The defendant argued that he invoked his *Miranda* right to counsel by signing the "claim of rights" form and, therefore, his incriminating statements should have been suppressed. *Grimes*, 142 F.3d at 1345-48. The

Eleventh Circuit disagreed, finding that "Miranda rights may be invoked only during custodial interrogation or when interrogation is imminent" and thus held that the "claim of rights" form did not invoke the defendant's *Miranda* rights. *Grimes*, 142 F.3d at 1348.

We agree with the reasoning of these federal and state cases. It is not surprising that virtually every Supreme Court opinion involving *Miranda* has used the phrase "custodial interrogation." It is custodial interrogation with which *Miranda* was concerned. It is the right to an attorney *during custodial interrogation* that *Miranda* and its progeny protects. That right does not exist outside the context of custodial interrogation. One cannot invoke a right that does not yet exist. While in court on a bond hearing, a defendant is not subject to interrogation, and the need for *Miranda* is not yet present. The Supreme Court stated in *Innis* that "[t]he concern of the Court in *Miranda* was that the 'interrogation environment' created by the *interplay of interrogation and custody* would 'subjugate the individual to the will of his examiner' and thereby undermine the privilege against compulsory self-incrimination." (Emphasis added.) *Innis*, 446 U.S. at 299, 64 L. Ed. 2d at 306, 100 S. Ct. at 1688 (1980), quoting *Miranda*, 384 U.S. at 457-58, 16 L. Ed. 2d at 714, 86 S. Ct. at 1619. See also *Illinois v. Perkins*, 496 U.S. 292, 297, 110 L. Ed. 2d 243, 251, 110 S. Ct. 2394, 2397 (1990) ("[i]t is the premise of *Miranda* that the danger of coercion results from the interaction of custody and official interrogation"). Absent the interplay of custody and interrogation, an individual's privilege against self-incrimination is not threatened.

In support of the argument that his *Miranda* rights had attached at his bond hearing, defendant cites to *United States v. Kelsey*, 951 F.2d 1196 (10th Cir. 1991), and *North Carolina v. Torres*, 330 N.C. 517, 412 S.E.2d 20 (1992). Defendant's reliance on these decisions is misplaced, as both cases are factually inapposite.

Unlike the matter at bar, both *Kelsey* and *Torres* involved situations where the defendant's interrogation was imminent when he or she requested counsel. In *Kelsey*, the defendant, after being searched and arrested, was essentially told by police officers that he would be questioned. Similarly, in *Torres*, the defendant was taken to the sheriff's department and placed in a conference room to await interrogation. In addition, we note that, subsequent to *Kelsey*, the Tenth Circuit has indicated that it will not permit anticipatory invocations of the *Miranda* right to counsel. See *United States v. Bautista*, 145 F.3d 1140, 1151 (10th Cir. 1998) ("[w]e do not suggest that a person can invoke his *Miranda* rights anticipatorily in any situation, i.e., in a context other than custodial interrogation, as the Court cautioned in *McNeil*"), citing *McNeil*, 501 U.S. at 182 n.3, 115 L. Ed. 2d at 171 n.3, 111 S. Ct. at 2211 n.3.

Interrogation was not imminent in the case at bar. Defendant was in court on an unrelated crime when he attempted to invoke his *Miranda* right to counsel. There was no suggestion that defendant would be questioned on the crime with which he was charged or any other crime subsequent to his bond hearing. In fact, defendant's interrogation regarding the Johnson murder occurred two days after his bond hearing.

The defendant points out that under *Edwards* and *Arizona v. Roberson*, 486 U.S. 675, 100 L. Ed. 2d 704, 108 S. Ct. 2093 (1988), once a suspect invokes his right to counsel pursuant to *Miranda*, he may not be interrogated again regarding any offense unless he initiates the conversation. *McNeil*, 501 U.S. at 175, 177, 115 L. Ed. 2d at 166, 168, 111 S. Ct. at 2207, 2208 (stating that the *Miranda* right to counsel is not offense specific). Therefore, the defendant further notes, if an accused invokes his *Miranda* right to counsel when in custody for one offense, law enforcement personnel cannot question him

on that offense *or any unrelated offense* without counsel present. *Arizona v. Roberson*, 486 U.S. at 677-78, 100 L. Ed. 2d at 711, 108 S. Ct. at 2096; *People v. Perkins*, 248 Ill. App. 3d 762, 770 (1993). However, the suspect must invoke the right to counsel during custodial interrogation or when custodial interrogation was imminent.

Defendant also argues that he should be allowed to assert his *Miranda* rights at a bond hearing because "[i]f a defendant remains in continuous custody *** the only verifiable assertion of his Fifth Amendment right to counsel is one made before a judge." According to defendant, unless the *Miranda* right to counsel is asserted in open court in the presence of a judge, "the only witnesses to a request for counsel would be the very officers whose objective it is to obtain a statement." We disagree. If we were to accept defendant's argument, we would have to require a judge to be present every time a suspect receives *Miranda* warnings. Although *Miranda* and its progeny demand certain procedural safeguards to uphold a person's fifth amendment right against compulsory incrimination, no case has required that an independent third party be present to attest that a suspect was advised of or waived his *Miranda* rights. See, *e.g.*, *McNeil*, 501 U.S. at 180, 115 L. Ed. 2d at 170, 111 S. Ct. at 2210 ("[i]f a suspect does not wish to communicate with the police except through an attorney, he can simply tell them that when they give him the *Miranda* warnings"). We decline to add that additional layer to the *Miranda* prophylaxis today.

Stretching *Miranda* to allow anticipatory invocations of the right to counsel would extend *Miranda* far beyond its boundaries and upset the very balance that *Miranda* sought to protect—the balance between effective law enforcement and protection of individual rights. In order to invoke the *Miranda* right to counsel, an individual must be both in custody and subject to interrogation or

under imminent threat of interrogation. In the case at bar, defendant was not subject to interrogation at the bond hearing. We therefore hold that defendant could not effectively invoke his *Miranda* right to counsel at the bond hearing. Defendant's motion to suppress was correctly denied.

We note that the State moved to strike portions of defendant's reply brief. We ordered that motion taken with the case and now deny it.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the appellate court.

*Affirmed.*

JUSTICE HEIPLE, dissenting:

Today's majority opinion erroneously holds that police may interrogate a criminal suspect in their custody without an attorney present, even after that suspect has clearly and unambiguously requested the assistance of an attorney in dealing with custodial interrogation. I therefore dissent.

## FACTS

On November 13, 1994, defendant was arrested for drinking on a public way and for felony possession of cannabis. During defendant's initial court appearance, defendant's attorney filed her appearance form. This form was signed by defendant, and contained the following notice: "BE ADVISED, the undersigned defendant serves this NOTICE OF REPRESENTATION on the State, it's [*sic*] agents and on all law enforcement officers barring the defendant's participation, without the presence of his/her counsel, in any questioning, identification process or other procedures on any case or matter whatsoever." Defendant did not post bond and remained in custody.

Just three days later, and while he was still in continuous custody, on November 16, 1994, two Chicago police officers questioned defendant regarding the shooting death of Ronnie Johnson. Defendant's counsel was not present during this interrogation. During the course of this questioning, defendant confessed to the shooting. Defendant was subsequently charged with Johnson's murder.

Before trial, defendant moved to suppress his statement given to police. In the motion to suppress, defendant argued that police violated his fifth amendment right to counsel by questioning him without his counsel being present even after defendant had requested the assistance of counsel in dealing with custodial interrogation. The trial court denied defendant's motion, however, finding that the request for counsel was merely "surplusage" attached to counsel's appearance form, and was not binding upon the State except in relation to the original drinking and cannabis charges.

At defendant's subsequent murder trial, the statement was admitted into evidence against defendant. The circuit court found defendant guilty of first degree murder and sentenced him to 60 years in prison.

Defendant appealed, arguing that the trial court erred in refusing to suppress his statement. The appellate court affirmed, but for different reasons. Whereas the trial court had found fault with the *manner* in which defendant attempted to invoke his fifth amendment right to counsel, the appellate court found fault with defendant's choice of *forum*. The appellate court reasoned that a proper invocation of a defendant's fifth amendment right to counsel requires " 'at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney *in dealing with custodial interrogation by the police*. Requesting the assistance of an attorney at a bail hearing does not bear that construction.' " (Emphasis in original.) No.

1—96—1139 (unpublished order under Supreme Court Rule 23), quoting *McNeil v. Wisconsin*, 501 U.S. 171, 178, 115 L. Ed. 2d 158, 169, 111 S. Ct. 2204, 2209 (1991). Accordingly, the appellate court held that defendant's fifth amendment right to counsel had not been violated.

The majority today adopts the reasoning of the appellate court, but also goes one step further. In addition to holding that a defendant cannot *invoke* his fifth amendment right to counsel during his initial court appearance, the majority also holds that a defendant does not even *have* such a right until custodial interrogation begins. 193 Ill. 2d at 239.

## DISCUSSION

Both the appellate court and the majority today base their holdings in large part upon the United States Supreme Court's opinion in *McNeil v. Wisconsin*, 501 U.S. 171, 115 L. Ed. 2d 158, 111 S. Ct. 2204 (1991). Because the majority misreads *McNeil*, a thorough examination of the facts of that case is required.

McNeil was arrested for an armed robbery committed in West Allis, Wisconsin. Shortly after his arrest, police advised McNeil of his *Miranda* rights and sought to question him. McNeil refused to answer questions, but did not request an attorney. The police promptly ended the interview.

Some time later, McNeil appeared in court for a bail hearing. He was represented at that hearing by an attorney from the Wisconsin public defender's office. McNeil did not post bail and remained in custody. Later that same evening, two detectives questioned McNeil in jail. During that and subsequent interviews, and after being informed of his *Miranda* rights, McNeil gave statements admitting involvement in the Caledonia crimes.

Before trial, McNeil moved to suppress his confession. According to McNeil, his courtroom appearance with an attorney for the West Allis crime constituted an

invocation of the *Miranda* right to counsel, and any subsequent waiver of that right during police-initiated questioning regarding *any* offense was invalid. The trial court denied the motion, and McNeil was convicted of second degree murder, attempted first degree murder, and armed robbery.

The Supreme Court held that the police questioning of McNeil was proper. First, the Court accepted that defendant's sixth amendment right to counsel had attached and been invoked with respect to the West Allis armed robbery at the time McNeil confessed to the Caledonia crimes. The sixth amendment right to counsel, however, is offense specific. Accordingly, because defendant had not yet invoked his sixth amendment right to counsel with respect to the Caledonia crimes, that right posed no bar to the admission of McNeil's confession.

The Supreme Court recognized, however, that McNeil was relying upon the right to counsel which the United States Supreme Court had held to be implicit in the *fifth* amendment's guarantee that "[n]o person *** shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend. V. See *Miranda v. Arizona*, 384 U.S. 436, 442, 16 L. Ed. 2d 694, 705, 86 S. Ct. 1602, 1611 (1966). In contrast to the *sixth* amendment right to counsel, the right to counsel secured by the *fifth* amendment is *not* offense specific. See *Edwards v. Arizona*, 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981). Accordingly, once a suspect asserts the *fifth* amendment right to counsel for one offense, a defendant may not be approached for questioning regarding *any* offense unless counsel is present. *Arizona v. Roberson*, 486 U.S. 675, 100 L. Ed. 2d 704, 108 S. Ct. 2093 (1988).

Despite its recognition of the broader scope of the *fifth* amendment right to counsel, however, the *McNeil* Court held that police had not violated this right *because McNeil had never invoked it*. The court noted that Mc-

Neil's only expression of a desire for the assistance of counsel had been his appearance with counsel at his bail hearing. This was not enough, the Supreme Court explained, because invocation of the *fifth* amendment right to counsel, "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney *in dealing with custodial interrogation by the police*. Requesting the assistance of an attorney at a bail hearing does not bear that construction." (Emphasis in original.) *McNeil*, 501 U.S. at 178, 115 L. Ed. 2d at 169, 111 S. Ct. at 2209.

What is clear from the Supreme Court's opinion in *McNeil* is that the Court's analysis focused not upon the time or place when the defendant made his request for assistance of counsel, but upon the *type* of assistance of counsel which the defendant requested. In *McNeil*, the defendant had, at best, expressed a desire for the assistance of counsel at a bail hearing. In the case at bar, however, defendant clearly and unequivocally expressed "a desire for the assistance of an attorney *in dealing with custodial interrogation by the police*." *McNeil*, 501 U.S. at 178, 115 L. Ed. 2d at 169, 111 S. Ct. at 2209. Accordingly, *McNeil* does not defeat defendant's claim in this case.

The majority further relies upon *dicta* in a footnote from the *McNeil* opinion. That footnote, in its entirety stated:

"The dissent predicts that the result in this case will routinely be circumvented when, '[i]n future preliminary hearings, competent counsel ... make sure that they, or their clients, make a statement on the record' invoking the *Miranda* right to counsel. [Citation.] We have in fact never held that a person can invoke his *Miranda* rights anticipatorily, in a context other than 'custodial interrogation'—which a preliminary hearing will not always, or even usually, involve [citations]. If the *Miranda* right to counsel can be invoked at a preliminary hearing, it could be argued, there is no logical reason why it could not be invoked by a

letter prior to arrest, or indeed even prior to identification as a suspect. Most rights must be asserted when the government seeks to take the action they protect against. The fact that we have allowed the *Miranda* right to counsel, once asserted, to be effective with respect to future custodial interrogation does not necessarily mean that we will allow it to be asserted initially outside the context of custodial interrogation, with similar future effect. Assuming, however, that an assertion at arraignment would be effective, and would be routinely made, the mere fact that adherence to the principle of our decisions will not have substantial consequences is no reason to abandon that principle. It would remain intolerable that a person in custody who had expressed no objection to being questioned would be unapproachable." *McNeil*, 501 U.S. at 182 n.3, 115 L. Ed. 2d at 171 n.3, 111 S. Ct. at 2211 n.3.

Based largely upon this footnote and upon decisions of other courts relying on this footnote, the majority holds that the fifth amendment right to counsel cannot be invoked until custodial interrogation has begun or is imminent.

The majority's reliance on the *McNeil* footnote is misplaced for several reasons. First, as the majority candidly admits, the United States Supreme Court has never addressed the issue of whether a defendant may invoke the sixth amendment right to counsel before interrogation begins or is "imminent" (whatever that means). Second, the footnote is clearly *dicta*. The Supreme Court's *McNeil* opinion was based entirely upon the fact that defendant had *never* invoked his fifth amendment right to counsel. As such, the time and place of any such invocation was never at issue. Third, the footnote does not state, even in *dicta*, that a defendant cannot invoke his fifth amendment right to counsel under the facts of this case. Rather, the footnote merely noted the existence of the issue without deciding it. Finally, the footnote was written in response to a dissent which was joined by three Justices. Thus, while precisely zero of Justices on the

*McNeil* Court explicitly argued that the fifth amendment right to counsel could *not* be invoked in the manner which the defendant in this case claims to have employed, three Justices of that Court expressly argued that the fifth amendment right *could* be invoked in this fashion. *McNeil*, 501 U.S. at 184, 115 L. Ed. 2d at 172, 111 S. Ct. at 2212 (Stevens, J., dissenting, joined by Marshall and Blackmun, JJ.). Accordingly, the majority's prediction of how the United States Supreme Court would rule on this issue is pure speculation.

From a purely policy perspective, the rule announced by the majority is a bad one. After today, police arresting a suspect will no longer have any reason to inform a suspect of his *Miranda* rights until immediately before they initiate questioning. Indeed, under the rationale of the majority, police may now freely interrogate a suspect who states "I refuse to answer questions without a lawyer" as the police are applying the handcuffs, as long as the police wait until later to ask any questions. In such a scenario, the suspect's request for counsel would have been made at a time when interrogation was not imminent. Accordingly, the majority would hold that such a suspect had no fifth amendment right to invoke. Such a result is clearly inconsistent with the values which the *Miranda* decision was meant to protect.

The majority's concern, borrowed from the *McNeil* footnote, that a person could invoke the fifth amendment right to counsel even before arrest, is directed at a straw man.[2] The defendant in this case did not attempt to

---

[2]The majority's additional concern, that acceptance of defendant's rule would require the presence of a judge every time a suspect receives *Miranda* warnings, is specious. Defendant did not argue that *Miranda* rights may only be waived in front of a judge. Rather, the defendant correctly points out that the rule now adopted by the majority deprives defendants of the single most effective means of insuring that their fifth amendment rights are respected, namely, invocation of those rights in open court.

invoke his right to counsel by letter prior to arrest. On the contrary, defendant was in continuous police custody from the time he requested an attorney to assist him during interrogation until the time when the interrogation took place. In any event, giving effect to the defendant's clear and unambiguous request for counsel under the facts of this case would not require this court to expand the right to the extremes supposed by the majority. Rather, this court should rule that the fifth amendment right to counsel attaches and may be invoked by a defendant at any time after he is taken into custody. This rule would strike a proper balance between the recognition of a suspect's right to be free from compelled self-incrimination and the interests of law enforcement in obtaining evidence. This court should further hold that the State was bound in this case to honor defendant's request not to be questioned without his attorney present, and that police questioning in spite of this request violated defendant's constitutional rights under the fifth amendment. Accordingly, the trial court erred when it denied defendant's motion to suppress his confession. Defendant is entitled to a new trial.

Accordingly, I respectfully dissent.

CHIEF JUSTICE HARRISON and JUSTICE RATHJE join in this dissent.