Gamaliel AVILA, Petitioner–Appellant,

v.

Don TAYLOR, Warden, Respondent–Appellee.

No. 01–56221.

D.C. No. CV–01–00202–DOC.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.\*

Decided Oct. 10, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Gamaliel Avila, a California state prisoner, appeals the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

Avila contends that counsel's assertion of his Fifth Amendment right to counsel at arraignment was sufficient to bar further police questioning of any other criminal activity and, as a result, his confession regarding an offense arising out of a different criminal incident that was subsequently included in an amended indictment was inadmissible. We disagree.

This circuit has "never held that *Miranda* rights may be invoked anticipatorily outside the context of custodial interrogation." *United States v. Wright*, 962 F.2d 953, 955 (9th Cir.1992); *see McNeil v. Wisconsin*, 501 U.S. 171, 182 n. 3, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (suggesting that *Miranda* rights cannot be invoked in advance, outside of a custodial interrogation setting). Consequently, Avila's anticipatory invocation of his Fifth Amendment right to counsel was insufficient.

Accordingly, the district court properly denied Avila's section 2254 petition because the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000).

## AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

